UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRUCE KERN,

    Plaintiff,

v.

WATERFORD POLICE DEPARTMENT, et al.,

    Defendants.

Civil Action No. 22-6132 (KMW) (SAK)

**MEMORANDUM ORDER**

This matter comes before the Court on the Court's *sua sponte* review of Plaintiff Bruce Kern's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, this Court finds that Plaintiff has shown an entitlement to proceed without prepayment of fees, and his application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that several members of the Waterford Police Department harassed him and his family by conducting improper traffic stops without reason on him while either driving or a passenger in his wife's truck, impounding that truck without cause, pressing allegedly baseless charges against him, and pressing his wife and step-daughter to testify against him and dissociate themselves from him, which Plaintiff contends amounts to an interference with his right to family integrity. (ECF No. 1-3 at 1-10.) Plaintiff further alleges that Deanna McCloe, an employee of the Division of Child Placement and Permanency, aided these charges by

2

investigating his family for potential abuse or neglect, and convincing his wife and step-daughter to testify against him. (*Id.* at 11-14.) Plaintiff also appears to assert that McCloe and the officers engaged in malicious prosecution by pressuring and threatening his family to testify against him in aid of abuse and burglary charges. (*Id.*)

In addition to the police and DCPP Defendants, Plaintiff also seeks to raise claims for malicious prosecution against the Camden County Prosecutor's Office, a number of prosecutors, and a detective employed by the Prosecutor's Office. (*Id.* at 15-17.) Essentially, Plaintiff contends they raised false charges against him, and cajoled his wife into testifying against him in support of those charges. (*Id.*) Plaintiff also raises claims against a state judge who is overseeing his criminal case who he believes has improperly conducted the case, a municipal judge who held a probable cause hearing in the case who Plaintiff believes had a conflict of interest, the county court, and a court employee who has allegedly "stonewalled" a state habeas petition. (*Id.* at 15-24.) Plaintiff likewise seeks to raise claims against the state Public Defender's Office and his appointed standby attorneys, who he believes have failed to adequately represent his interests in his ongoing criminal proceedings. (*Id.* at 24-31.) Finally, Plaintiff alleges claims against the Camden County Correctional Facility in which he is detained because he believes the jail and its law librarian are not providing him sufficient help or law library access to press his defense, and should be required to provide him a telephone directory for all state offices. (*Id.* at 31-35.)

Having reviewed Plaintiff's complaint, this Court perceives no basis for dismissing Plaintiff's illegal search and seizure and targeted harassment claims against Defendants Lyons, Gallagher, the John Doe Police Defendants, and the unknown towing company at this time, and those claims shall therefore be permitted to proceed. Plaintiff's remaining claims, however, are more problematic.

3

Initially, the Court notes that Plaintiff names a number of improper Defendants in this civil rights matter. First, Plaintiff names both a municipal police department, the Waterford Police Department, and a county jail, the Camden County Correctional Facility, as defendants in this matter. Neither a police department or county jail are a person subject to suit in a civil rights matter as neither is considered separate from the municipality that operates the department or jail, and the Department and Facility must therefore be dismissed from this case. *See, e.g., Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (police department not a proper Defendant in a civil rights matter); *see also Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (county jail is not a person subject to suit in a civil rights matter). Likewise, neither a state department, nor a state court are proper Defendants, and thus the Division of Child Permanency and Placement and the Camden County Superior Court, pled as the county hall of justice, must also be dismissed from this matter. *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (state departments are not persons subject to suit under § 1983 and are entitled to Eleventh Amendment immunity from suit in federal court); *see also Villarreal v. New Jersey*, 803 F. App'x 583, (3d Cir. 2020) (arms of the state, including state courts, immune from suit in federal court). Public Defenders and other forms of appointed counsel are likewise not proper Defendants in a civil rights action for their failings in their capacity as defense counsel. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). The New Jersey Public Defender's Office and Plaintiff's appointed counsel must therefore also be dismissed from this matter as the Office is an arm of the state and Plaintiff's claims against both the Office and his appointed counsel arise out of counsel's alleged failings in representing Plaintiff in criminal proceedings.

Plaintiff also names as Defendants several immune Defendants. State judges, including municipal judges engaged in overseeing criminal and quasi-criminal proceedings, are absolutely

4

immune from suit for actions taken in a judicial capacity unless taken in the complete lack of any and all jurisdiction. *See, e.g., Figueroa v. Blackburn*, 39 F. Supp. 2d 379, 485-90 (D.N.J. 1999). As all of Plaintiff's claims against Judges Diamond and Shusted arise out of actions taken in his criminal proceedings – i.e. actions taken in a judicial capacity – and as it is clear that the judges were not acting in the complete absence of jurisdiction, they are absolutely immune from suit in this matter and Plaintiff's claims against them must be dismissed with prejudice. *Id.* Prosecutors are likewise generally immune from actions taken to initiate or pursue criminal charges. *See, e.g., See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). The Prosecutor's Office and state prosecutors, who are named in this action based on their charging Plaintiff and pursuing those criminal charges, are most likely immune in this matter as well. Plaintiff's claims against them must therefore be dismissed without prejudice at this time.

Putting aside the issue of immunity, Plaintiff's claims against the prosecutor's office, individual prosecutors, and prosecutor's detective all essentially amount to claims of malicious prosecution. Plaintiff likewise seeks to raise claims that appear to be malicious prosecution against the police defendants and caseworker McCloe based on their actions in filing charges and persuading Plaintiff's family to testify against him through coercive means in support of those charges. In order to plead a viable malicious prosecution claim, however, Plaintiff would need to plead, in addition to several other factors, that his criminal proceedings terminated in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff alleges that his criminal proceedings have not concluded in his favor as of yet, and pleads facts suggesting that at least some of the charges may have resulted in at least probationary sentences, his claims for malicious prosecution are at best premature and must be dismissed without prejudice for failure to state a claim for relief. *Id.*

Plaintiff also seeks to raise claims against the police Defendants, Defendant McCloe, and the prosecutor Defendants for alleged violations of his right to family integrity. Although individuals do have a protected liberty interest in preserving their family unit which is subject to Due Process protections, that right is not absolute and "does not include a right to remain free from child abuse investigations." *Croft v. Westmoreland Cnty. Children & Youth Servs.*, 103 F.3d 1123, 1125-26 (3d Cir. 1997). That right is generally impugned where state officials, without first providing sufficient procedural protections, forcibly remove a parent or child from a home without proper justification. *Id.* The right does not include a right to be free from nonarbitrary investigations, or in turn threats of such investigations, Plaintiff may not state a claim for relief pursuant to the integrity right based solely on the use of threats of investigation or actual investigations which do not result in state-imposed separation alone. *See, e.g., Kelly v. Pier*, No. 16-3417, 2017 WL 3397030, at *13 (D.N.J. Aug. 8, 2017).

Here, Plaintiff essentially alleges that he believes various defendants interfered with the integrity of his family when they threatened further abuse investigations to encourage Plaintiff's wife and step-daughter to shun him, testify against him, or maintain a restraining order against him. He does not allege that the state, other than possibly the immune state court judge who ordered Plaintiff not contact his family based on some of the charges against him, actually separated him from his family rather than merely encouraging his family to separate from him and maintain a restraining order against him. Instead, Plaintiff essentially contends that he was investigated for child abuse and that his family were threatened with further abuse investigations if Plaintiff were permitted to return to their home upon release from jail. While such actions, to the extent they were used to maintain improper criminal charges, may give rise to a malicious prosecution or similar claim to the extent they were used to seek false charges and those charges end in Plaintiff's favor, such allegations do not make out a violation of the right to family integrity

6

where it was family members, and not the state, who chose to impose the separation. Plaintiff has thus failed to plead a plausible claim for relief for a violation of his right to family integrity, and his family integrity claims are all dismissed without prejudice.

In his final claims, Plaintiff contends both that the Jane Doe county court clerk and law librarian have violated his right of access to the courts, either by failing to adequately aid him in pursuing his own defense in the person of the law librarian, or by not filing a state court habeas petition in the person of the clerk. Criminal defendants and other incarcerated individuals do have a right of access to the courts under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). As part of this right, incarcerated individuals are generally entitled to either adequate access to legal materials such as through a law library or adequate assistance from persons with some level of legal training. *Id.* Even where an individual alleges facts suggesting he has not been provided sufficient legal assistance in the form of legal aid or a law library, he will not be able to make out a claim for denial of access to the courts unless he alleges facts establishing actual injury – *i.e.*, that he has lost some legal claim or case as a result of the inadequate facilities. *Id.* at 348-51; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997); *see also Bragg v. Ann Klein Forensic Ctr.*, No. 09-3743, 2010 WL 4366255, at *4 (D.N.J. Oct. 28, 2010).

Turning first to the law librarian, Plaintiff alleges that the law librarian does not provide him legal aid in preparing his documents, and instead directs him to use other law library facilities, including tablets equipped with legal research software, to prepare his filings. Plaintiff does not allege that he is barred from the library, or cannot use the legal research software on the tablets to do his research, but instead asserts merely that the librarian himself will not aid Plaintiff or print documents for him. The facts Plaintiff alleges show that Plaintiff does possess meaningful access to legal materials – such as through Lexis access on the provided tablets. That the librarian himself will not directly aid Plaintiff but instead directs him to use these other legal materials itself does

not violate Plaintiff's rights – Plaintiff is entitled to access to legal materials *or* trained professionals, not both.[1] *Lewis*, 518 U.S. at 346. Plaintiff thus fails to plead a plausible claim for relief against the law librarian.[2]

Both Plaintiff's claims against the law librarian and the county court clerk fail for an additional reason – he has failed to allege actual injury. Plaintiff has not pled that he has actually lost a claim or case as a result of the actions of the librarian or clerk, only that one will not help him draft documents and the other will not accept a vaguely referenced state habeas petition without any explanation why the arguments or claims in this vaguely defined petition could not be raised in Plaintiff's frequent and direct interactions with the state judge assigned to his criminal proceeding. In the absence of a pleading of actual injury, Plaintiff's access to the court claims cannot proceed, and must be dismissed without prejudice.

**IT IS THEREFORE** on this 13th day of January, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

---

[1] The Court further notes that Plaintiff did have an appointed attorney, but chose to proceed *pro se* with standby counsel in his criminal proceedings, and thus *was* provided with trained legal aid in any event.

[2] Plaintiff also includes facts suggesting he takes umbrage with the librarian's refusal to employ him as a paralegal due to a prejudice against hiring repeat offenders. As prisoners do not have a right to a job while incarcerated, *see Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (prisoners have "no entitlement to a specific job, or even to any job"), these allegations fail to state a claim for which relief can be granted, and any claim Plaintiff intended to raise based on this failure to employ him is dismissed without prejudice.

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of the Camden County Correctional Facility; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's illegal search and seizure and targeted harassment claims shall **PROCEED** at this time against Defendants Lyons, Gallagher, the John Doe Police Defendants, and the unknown towing company only; and it is further

**ORDERED** that Plaintiff's claims against Defendants Shusted, Diamond, Krakora, Liszewski, the Waterford Police Department, the Division of Child Protection and Permanency, the Camden County Correctional Facility, and New Jersey Public Defender's Office are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Lyons, Gallagher, the John Doe Police Defendants, and the unknown towing company; and it is further

**ORDERED** that Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101; and it is further

**ORDERED** that, upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants Lyons, Gallagher, the John Doe Police Defendants, and the unknown towing company pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997(e)(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

                                                                                 Hon. Karen M. Williams,
                                                                                 United States District Judge